1  PHILLIP A. TALBERT
United States Attorney
2  BENJAMIN E. HALL
Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
Fresno, California 93721
4  Telephone: (559) 497-4019
Email: benjamin.hall3@usdoj.gov
5

6  Attorneys for the United States

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10  GARDENIA ZUNIGA,                    )   Case No.
                                        )
11                      Plaintiff,      )   **NOTICE AND PETITION**
                                        )   **REMOVING CIVIL ACTION FROM**
12  v.                                  )   **STATE COURT**
                                        )
13  IAN DOUGLAS MACAGY, M.D.; and DOES  )
    1 to 10, inclusive,                 )
14                                      )
                                        )
15                      Defendants.     )
                                        )
16  _____    )

17         TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18         The United States hereby removes the above-captioned action from the Fresno County

19  Superior Court to this Court. The grounds for removal are as follows:

20         1.     Removal is specifically authorized by the Federally Supported Health Centers

21  Assistance Act (FSHCAA), 42 U.S.C. § 233(c), because the Complaint seeks damages for personal

22  injury resulting from the performance of medical functions by a deemed employee of the Public

23  Health Service acting in the scope of such employment. At the time of the events alleged in the

24  Complaint, defendant Ian Douglas MacAgy, M.D., was a "deemed employee" of the Public Health

25  Service under the FSHCAA, and was acting in the scope of such employment at Clinica Sierra Vista,

26  a federally supported health center, with respect to the claims of medical malpractice. A formal

27  certification of his "deemed" employment and scope of employment is filed herewith as Attachment

28  1. The FSHCAA provides that upon such certification, "any such civil action or proceeding

1    commenced in a State court shall be removed without bond at any time before trial ... and the

2    proceeding deemed a tort action brought against the United States ....” 42 U.S.C. § 233(c).

3          2.      A copy of all process, pleadings and orders received by the United States is included

4    herewith as Attachment 2.

5          WHEREFORE, this action is hereby properly removed to this Court.

6                                          Respectfully submitted,

7    Dated:  November 23, 2022            PHILLIP A. TALBERT
                                          UNITED STATES ATTORNEY
8

9                                         /s/Benjamin E. Hall
                                          BENJAMIN E. HALL
10                                        Assistant United States Attorney
                                          Attorney for the United States
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT 1

PHILLIP A. TALBERT
United States Attorney
BENJAMIN E. HALL
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4019
Email: benjamin.hall3@usdoj.gov

Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDENIA ZUNIGA, | Case No. |
| Plaintiff, | **CERTIFICATION REGARDING SCOPE OF EMPLOYMENT** |
| v. | |
| IAN DOUGLAS MACAGY, M.D.; and DOES 1 to 10, inclusive, | |
| Defendants. | |

Pursuant to 42 U.S.C. § 233(c) and by virtue of the authority delegated to me by the United States Attorney for the Eastern District of California under 28 C.F.R. § 15.4, I hereby certify the following:

1.    I have read the complaint in Fresno County Superior Court Case No. 22CECG00515, *Gardenia Zuniga v. Ian Douglas MaCagy, M.D., et al.*

2.    At the time of the incidents alleged in the complaint, Clinica Sierra Vista was a public or non-profit entity deemed by the Department of Health and Human Services to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233(g) and was acting as a covered person within the scope of its statutorily deemed federal employment as an employee of the Public Health Service.

/ / /

/ / /

3.      At the time of the incidents alleged in the complaint, Defendant Dr. Ian Douglas

MaCagy was an employee of Clinica Sierra Vista and acting as a covered person within the scope of

his statutorily deemed federal employment as an employee of the Public Health Service.

Dated:  November 14, 2022

                                  /s/ David T. Shelledy
                                  DAVID T. SHELLEDY
                                  Chief, Civil Division
                                  United States Attorney's Office
                                  Eastern District of California

ATTACHMENT 2

Kevin G. Little, SBN 149818
Michelle L. Tostenrude, SBN 290121
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: kevin@kevinlittle.com

Attorneys for Plaintiff GARDENIA ZUNIGA

E-FILED
2/17/2022 11:54 PM
Superior Court of California
County of Fresno
By: Jamie Nelson, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF FRESNO, CIVIL DIVISION**

| | |
|---|---|
| GARDENIA ZUNIGA, | Case No.: 22CECG00515 |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| v. | Medical Negligence |
| IAN DOUGLAS MACAGY, M.D.; and DOES 1-10, inclusive, | Battery |
| Defendants. | Sexual Harassment |
| | JURY TRIAL DEMANDED |

TO THE HONORABLE COURT:

Plaintiff GARDENIA ZUNIGA, through her undersigned counsel, hereby makes the following allegations against defendant IAN DOUGLAS MACAGY, M.D., and DOE Defendants 1-10, and demands a trial by jury of all issues and for causes of action alleged as follows:

## NATURE OF THE ACTION

1.     Jurisdiction lies in the superior court, unlimited division, because this is a civil action in which the amount in controversy exceeds $25,000.

2.     Venue is proper because this civil action is brought in the judicial district where the named defendant resides and where the underlying events occurred.

## I. PARTIES

3.      Plaintiff, Gardenia Zuniga, is a resident and citizen of the State of California. She currently resides in the County of San Francisco.

4.      Defendant Dr. Ian MacAgy is, based on information and belief, a physician licensed to practice medicine in the State of California, and his practice was based in the County of Fresno at all pertinent times. All DOE Defendants are presently unknown but are also believed to be responsible for Plaintiff's harm, either acting individually or as agents of Dr. MacAgy.

## II. FACTUAL ALLEGATIONS

5.      On December 24, 2020, Plaintiff had a baby and in the weeks that followed, she began to experience post-partum depression.

6.      On January 5, 2021, while Plaintiff was at her first post-partum exam with Dr. Janice Stain at Clinica Sierra Vista Community Health Center in Fresno, California, Dr. Stain recommended putting Plaintiff on birth control.

7.      Dr. Stain referred Plaintiff to Defendant, Dr. Ian MacAgy, for purposes of prescribing birth control.

8.      On February 11, 2021, during her initial interaction with Defendant at Clinica Sierra Vista Community Health Center, he looked at the Plaintiff creepily and made the following inappropriate comment to her: "What a disappointment, I don't get to give you a pap-smear today."

9.      In light of the Defendant's inappropriate comment and behavior, Plaintiff requested that she be seen by a different practitioner.  Because no other practitioner was available, Plaintiff agreed to see Defendant.  Defendant was within earshot when Plaintiff made her complaint.

10.     During the course of Plaintiff's appointment, Defendant's demeanor had changed from when he greeted her.  Specifically, Defendant was rude to Plaintiff, talked over her and generally seemed displeased with her.

11.     Defendant recommended Nexplanon, a birth control implant.  In response to Defendant's recommendation, Plaintiff expressed concern, because she is BRCA-1 carrier and had heard that certain birth control implants could cause her to develop breast cancer.

12.     Defendant rudely replied by stating "I'm the Doctor, you're the patient, and I know better."  Defendant did not offer any explanation to assuage her concerns or go into any explanation of his decision-making.

13.     As a result of the Defendant's recommendation, which was effectuated without any informed consent, Plaintiff was scheduled to have the Nexplanon implant inserted into her arm.  The Nexplanon implant was inserted in Plaintiff's arm by the Defendant on February 18, 2021.

14.     In the days that followed, Plaintiff frequently would feel sharp pain in her breast area that felt like a knife was cutting her.  Plaintiff reported her pain to Clinica Sierra Vista.

15.     On February 25, 2021, Defendant called Plaintiff explaining how he "messed up" by ignoring her concerns about being BRCA-1 and stated that "I need to remove the implant so I don't get in trouble again." Defendant did not apologize or change his terse and rude attitude with Plaintiff even as he admitted his error.

16.     Plaintiff made the first available appointment and drove back to Fresno from San Francisco to get the Nexplanon implant removed. However, Defendant cancelled her appointment at the last minute without explanation, despite her reports of being in extreme pain.

17.     On March 18, 2021, at the earliest rescheduled appointment, Defendant finally Plaintiff was supposed to have the Nexplanon implant removed by Defendant.

18.    Defendant once again was rude and non-communicative with Plaintiff on March 18, 2021. Defendant also sadistically cut into Plaintiff's arm about 30 seconds after injecting her with a local anesthetic, causing her excruciating pain that made her dizzy and almost faint.

19.    When Plaintiff reacted to the extreme pain the Defendant caused, he yelled at her and threatened that he would abort the procedure and Plaintiff would have to find another physician to remove the implant.

20.    Plaintiff acceded to Defendant's threats and allowed him to attempt to remove the Nexplanon implant again.    Again, Defendant cut into plaintiff's arm without administering sufficient local anesthetic and once again caused her extreme pain.  Without attempting to ensure that Plaintiff was properly numbed and also without even so much as an apology or an explanation, Defendant aborted the procedure.  Defendant then further abused Plaintiff by not disinfecting or closing her wound; instead, Defendant dismissively sent her away without any paperwork, any future appointment, or any further referral.  Defendant acted in this manner despite knowing the risk of leaving the Nexplanon implant in Plaintiff's arm.

21.    Despite her best efforts, Plaintiff was not able to make another appointment with a Bay Area provider to remove the Nexplanon implant until September 7, 2021.  On that date, the Nexplanon implant was removed by Dr. Biftu Mekonnen Mengesha M.D.    Because Dr. Mengesha competently performed the removal procedure, it took less than 10 minutes, was painless, and fully successful.

22.    Plaintiff endured seven months of pain as a result of having the Nexplanon implant in her arm.  Plaintiff also endured seven months of avoidable worry related to having the Nexplanon implant in her despite her BRCA-1 carrier status.  Plaintiff also was humiliated by the Defendant, who retaliated against her for rejecting and reporting his highly inappropriate sexual advances, based on his pattern of seemingly intentional mistreatment during the rest of his

interaction with Plaintiff.  Further, Plaintiff still has significant scar tissue as a result of the Defendant's failed removal procedures.  Finally, Plaintiff will forever have a scar at the site of the Defendant's botched procedures.

### III. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Medical Negligence

23.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

24.     As a medical provider in the State of California, Defendant had a duty to provide competent, non-harmful medical care and treatment that complied with the applicable standard of care.  Plaintiff believes all DOE Defendants had the same duties.

25.     The foregoing allegations show that Defendant breached this duty by (1) insulting and offending the Plaintiff with an inappropriate sexual remark at the outset of the physician-patient relationship; (2) failing to determine in a timely fashion if Plaintiff was a suitable candidate for a Nexplanon implant; (3) failing to obtain informed, actual consent for the Nexplanon implant procedure; (4) failing to schedule the Nexplanon removal procedure in a timely fashion; (5) failing to perform the Nexplanon removal procedure competently and successfully; (6) failing to perform appropriate aftercare after the unsuccessful Nexplanon removal; and (7) failing to provide Plaintiff with any records or referral information to ensure an appropriate continuity of care.

26.     Defendant's failures individually and combined were substantial factors in causing Plaintiff to suffer the various harms outlined in paragraph 22, above.  Plaintiff believes all DOE defendants likewise caused her harm.  These harms are all compensable under California law.

**SECOND CAUSE OF ACTION**

Battery

27.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

28.     Defendant proposed to perform the Nexplanon implantation on Plaintiff without obtaining her informed consent under California law.  Additionally, Defendant had no consent, informed or otherwise, to insert an implant contraindicated by Plaintiff's BRCA-1 carrier status, and he concealed this important fact from her.  Even further, Defendant had no consent, informed or otherwise, to attempt to remove the Nexplanon implant from Plaintiff without appropriate anesthetic that had taken effect at the time of the attempted removal.  In all of these respects, Defendant provided substantially different treatment that that to which Plaintiff had ostensibly consented, and/or performed procedures without any consent whatsoever.

29.     These unconsented procedures individually and collectively were substantial factors in causing Plaintiff to suffer the various harms outlined in paragraph 22, above.  These harms are all compensable under California law.  Plaintiff is also entitled to punitive damages based on Defendant's and all DOE defendants' reprehensible conduct.

**THIRD CAUSE OF ACTION**

Sexual Harassment

30.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

31.     Plaintiff had a business or professional relationship with Defendant.  Plaintiff could not easily terminate this relationship, due to the unavailability of other available physicians and her time-sensitive medical needs.

32.     During the course of that business or professional relationship, Defendant made sexual commentary, advances, solicitations, demands, and/or requests directed at Plaintiff.  This misconduct was of a verbal, visual and/or physical nature and was hostile.

33. Defendant's misconduct was unwelcome, and it was also pervasive and/or severe.

34. Defendant then proceeded to retaliate or punish Plaintiff for rejecting and complaining about his misconduct, by refusing her health care services to which she was entitled and also by engaging in behavior that caused her significant pain and emotional distress.

35. Defendant's pattern of misconduct was sufficiently pervasive or severe to alter the nature of the business or professional relationship between him and Plaintiff.

36. Specifically, Defendant insulted and offended the Plaintiff with an inappropriate sexual remark at the outset of the physician-patient relationship. Then, after Plaintiff rejected and reported his initial sexual misconduct, Defendant (1) proceeded without determining if Plaintiff was a suitable candidate for a Nexplanon implant; (2) proceeded without obtaining informed, actual consent for the Nexplanon implant procedure; (3) delayed scheduling of the Nexplanon removal procedure; (4) performed the Nexplanon removal procedure unsuccessfully and in a manner so as to cause Plaintiff severe pain; (5) discharged Plaintiff without performing any aftercare after the unsuccessful Nexplanon removal; and (6) discharged Plaintiff without any records or referral information to ensure an appropriate continuity of care.

37. Defendant's sexual misconduct as stated above was a substantial factor in causing Plaintiff to suffer the various harms outlined in paragraph 22, above. Plaintiff believes the DOE defendants are likewise responsible. These harms are all compensable under California law. Plaintiff is also entitled to punitive damages, attorney's fees, costs, and other statutory relief.

### IV. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for relief against Defendant and all DOES as follows:

For general and special compensatory damages in an amount proven at trial to be proper;

For an award of punitive damages as to the Second and Third Causes of Action;

Prejudgment interest;

1    For an award of attorney's fees as to the Third Cause of Action;

2    For an award of  costs;

3    All other remedies available under Civil Code § 52(b), as to the Third Cause of Action;

4

5    For any such additional legal or equitable relief the Court deems to be proper.

6                            **V. DEMAND FOR TRIAL BY JURY**

7    Plaintiff hereby demands a trial by jury as to all her claims for relief.

8    Dated: February 17, 2022                    LAW OFFICE OF KEVIN G. LITTLE

9

10                                              */s/ Kevin G. Little*
                                              Kevin G. Little

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kevin G. Little, SBN 149818<br>Law Office of Kevin G. Little<br>Post Office Box 8656<br>Fresno, CA 93747<br>TELEPHONE NO.: (559) 342-5800    FAX NO. *(Optional)*: (559) 242-2400<br>E-MAIL ADDRESS: kevin@kevinglittle.com<br>ATTORNEY FOR *(Name)*: Plaintiff Gardenia Zuniga | E-FILED<br>2/18/2022 8:00 AM<br>Superior Court of California<br>County of Fresno<br>By: A. Ramos, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, CA 93721
BRANCH NAME: Civil Division - Unlimited

CASE NAME:
Gardenia Zuniga v. Dr. Ian MacAgy; DOES 1-10

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: 22CECG00515 |
|---|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[X] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*: 3: Medical Negligence, Battery, Sexual Harassment
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Feb. 18, 2022

Kevin G. Little
(TYPE OR PRINT NAME)

▶ /s/ Kevin G. Little
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

CEB | Essential Forms
ceb.com

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**Civil Unlimited Department,** Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>**(559) 457-1900** | *FOR COURT USE ONLY*<br><br>2/18/2022<br><br>**Filed by Court** |
|---|---|
| TITLE OF CASE:<br><br>**Gardenia Zuniga vs. Dr. Ian MacAgy** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br><br>**22CECG00515** |

**To All Parties and their Attorneys of Record:**

Kevin G. Little
Law Office of Kevin G Little
PO Box 8656
Fresno CA  93747

> This case has been assigned to **Kristi Culver Kapetan,** Judge for **all purposes**.
> All future hearings will be scheduled before this assigned judge, in **Department 403**

You are required to appear at a Case Management Conference on **06/15/2022**  at **3:30 PM** in **Department 402** of the Court located at 1130 "O" Street, **Fresno, California.**

You must comply with the requirements set forth in the Superior Court of Fresno County, Local Rules, Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the summons is served on you. Failure to file a response in a timely manner may result in adverse consequences, including a default judgment being entered against you. If you do not have an attorney and wish to retain one, there are attorney referral services, legal aid offices, and private practice attorneys in the Fresno area (most may be found on the internet or the local phone book).

---

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:   **2/18/2022**                               Clerk, by   **Jamie Nelson**                          , Deputy

---

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kevin G. Little,    SBN: 149818<br>LAW OFFICE OF KEVIN G. LITTLE<br>P.O. Box 8656<br>Fresno, CA 93747<br>TELEPHONE NO.: (559) 342-5800    FAX NO. *(Optional)* (559) 242-2400<br>E-MAIL ADDRESS *(Optional):* kevin@kevinglittle.com<br>ATTORNEY FOR *(Name):* Plaintiff Gardenia Zuniga | *FOR COURT USE ONLY*<br><br>E-FILED<br>2/18/2022 5:17 PM<br>Superior Court of California<br>County of Fresno<br>By: A. Ramos, Deputy<br><br>***DEFECTIVE** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** FRESNO<br>STREET ADDRESS: 1130 O Street<br>MAILING ADDRESS: 1130 O Street<br>CITY AND ZIP CODE: Fresno, CA 93724<br>BRANCH NAME: B.F. Sisk Courthouse - Civil Unlimited |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Gardenia Zuniga<br><br>DEFENDANT/RESPONDENT: Ian Douglas Macagy, M.D., et. al. | CASE NUMBER:<br>22CECG00515 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*

   Ian Douglas Macagy, M.D.

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   May Vang, Agent of Service

4. Address where the party was served:
   2760 S. Elm Ave, Fresno CA 93706

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 2/18/2022    (2) at *(time):*  3:15 PM

   b. [ ] **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER:  Gardenia Zuniga | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Ian Douglas Macagy, M.D., et. al. | 22CECG00515 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*        (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

      ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☐  On behalf of *(specify):*
     under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)    ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)    ☐ 415.46 (occupant)
                            ☐ other:

7.  **Person who served papers**
   a.  Name:  Nai Saephan
   b.  Address:  1225 E Divisadero Street, Fresno, CA 93721
   c.  Telephone number:  (559) 342-5800
   d.  **The fee** for service was:  $ 0.00
   e.  I am:
     (1)  ☑  not a registered California process server.
     (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
     (3)  ☐  a registered California process server:
        (i)  ☐  owner  ☐  employee  ☐  independent contractor.
        (ii)  Registration No.:
        (iii)  County:

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 2/18/2022

Nai Saephan
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶         *Nai Saephan*
        _____
        (SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

IAN DOUGLAS MACAGY, M.D.; and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GARDENIA ZUNIGA

E-FILED
2/18/2022
Superior Court of California
County of Fresno
By: A. Ramos, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Fresno Superior Court - Civil<br>1130 O Street, Fresno, CA 93721 | CASE NUMBER:<br>*(Número del Caso):* **22CECG00515** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin G. Little, Law Office of Kevin G. Little
Post Office Box 8656, Fresno, CA 93747, (559) 342-5800

| DATE: 2/18/2022<br>*(Fecha)* | Clerk, by<br>*(Secretario)* A. Ramos | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

CEB
**www.ceb.com**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kevin G. Little,    SBN: 149818<br>LAW OFFICE OF KEVIN G. LITTLE<br>Post Office Box 8656<br>Fresno, CA 93747<br><br>TELEPHONE NO.: (559) 342-5800    FAX NO. *(Optional):* (559) 242-2400<br>E-MAIL ADDRESS *(Optional):* kevin@kevinglittle.com<br>ATTORNEY FOR *(Name):* Plaintiff Gardenia Zuniga | E-FILED<br>4/7/2022 12:03 PM<br>Superior Court of California<br>County of Fresno<br>By: A. Ramos, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO**
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, CA 93724
BRANCH NAME: B.F. Sisk Courthouse-Civil Unlimited

| PLAINTIFF/PETITIONER: Gardenia Zuniga | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ian Douglas Macagy, M.D., et. al. | 22CECG00515 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

    a. ☒ summons

    b. ☒ complaint

    c. ☒ Alternative Dispute Resolution (ADR) package

    d. ☒ Civil Case Cover Sheet *(served in complex cases only)*

    e. ☐ cross-complaint

    f. ☒ other *(specify documents):* Statement of Damages, Notice of CMC and Assignment of Judge.

3. a. Party served *(specify name of party as shown on documents served):*
    Ian Douglas Macagy, M.D.

    b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
    under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    Wendy Benavides, authorized to accept service on behalf of Ian Douglas Macagy, M.D.

4. Address where the party was served:
    2760 S. Elm Ave, Fresno, CA 93706

5. I served the party *(check proper box)*

    a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
    receive service of process for the party  (1) on *(date):* 3/21/2022    (2) at *(time):* 9:52 AM

    b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or
    in the presence of *(name and title or relationship to person indicated in item 3):*

    (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
    of the person to be served. I informed him or her of the general nature of the papers.

    (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
    place of abode of the party. I informed him or her of the general nature of the papers.

    (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
    address of the person to be served, other than a United States Postal Service post office box. I informed
    him or her of the general nature of the papers.

    (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
    at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
    *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

    (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS-010

| PLAINTIFF/PETITIONER: Gardenia Zuniga | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ian Douglas Macagy, M.D., et. al. | 22CECG00515 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                         (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☒ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☐ On behalf of *(specify):*

under the following Code of Civil Procedure section:

☐ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)       ☐ 416.90 (authorized person)
☐ 416.50 (public entity)               ☐ 415.46 (occupant)
                               ☐ other:

7. **Person who served papers**

a. Name: Nai Saephan

b. Address: 1225 E. Divisadero Street, Fresno, CA 93721

c. Telephone number: (559) 342-5800

d. **The fee** for service was: $ 0.00

e. I am:

(1) ☒ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ a registered California process server:

(i) ☐ owner   ☐ employee   ☐ independent contractor.

(ii) Registration No.:

(iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 3/21/2022

Nai Saephan
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

1    PHILLIP A. TALBERT
     United States Attorney
2    JEFFREY J. LODGE, CABN 152205
     Assistant United States Attorney
3    2500 Tulare Street, Suite 4401
     Fresno, California 93721
4    Telephone: (559) 497-4000
     Email: jeffrey.lodge@usdoj.gov
5

E-FILED
4/8/2022 4:51 PM
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

6    Attorneys for the United States of America

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            COUNTY OF FRESNO, CIVIL DIVISION

11

12    GARDENIA ZUNIGA,

           Plaintiff,

13

           v.

14

15    IAN DOUGLAS MACAGY, M.D.; and DOES
     1-10, inclusive,

16            Defendants.

Case No.  22CECGOO515

**NOTICE OF THE UNITED STATES UNDER 42 U.S.C. § 233(*l*)(1)**

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF THE UNITED STATES
UNDER 42 U.S.C. § 233(l)(1)

1

**NOTICE OF THE UNITED STATES UNDER 42 U.S.C. § 233(*l*)(1)**

The United States of America, by the United States Attorney for the Eastern District of California, provides the following notice pursuant to 42 U.S.C. § 233(*l*)(1):

1.    The United States Department of Health and Human Services ("HHS") notified this office on March 16, 2022, of this state court action against Dr. Ian Douglas MacAgy.

2.    Dr. MacAgy is associated with Clinica Sierra Vista Community Health Center, which is an entity described in 42 U.S.C. § 233(g)(4) (a public or non-profit private entity receiving federal funds under 42 U.S.C. § 254b).

3.    Pursuant to 42 U.S.C. § 233(*l*)(1), the United States is appearing for the limited purpose of notifying the Court as to whether the Secretary of HHS has advised that Dr. MacAgy is a deemed employee of the Public Health Service with respect to the actions or omissions that are the subject of this civil action.

4.    At present, HHS has not yet provided its full report as to whether Dr. MacAgy is a deemed employee under 42 U.S.C. § 233(g) and (h) for the acts or omissions that are the subject of this civil action. *See* 42 U.S.C. § 233(*l*)(1); 28 C.F.R. § 15.3; *see also* 60 Fed. Reg. 22,530, 22,531 (May 8, 1995).

5.    Once HHS has completed its review and provided its report, the United States Attorney, as the United States Attorney General's delegate, will determine whether the acts alleged fall within the scope of 42 U.S.C. § 233(a) and the applicable provisions of the Federally Supported Health Centers Assistance Act and were otherwise within the scope of a deemed employment. *See* 42 U.S.C. § 233(c); 28 C.F.R. § 15.4; 60 Fed. Reg. 22,530, 22,531 (May 8, 1995). The United States Attorney has not yet been provided with sufficient information to make that determination.

Respectfully submitted,

Dated:  April 8, 2022

PHILLIP A. TALBERT
United States Attorney

By: _____

JEFFREY J. LODGE
Assistant United States Attorney

1  **CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that she is an employee in the Office of the United States

3  Attorney for the Eastern District of California and is a person of such age and discretion to be competent

4  to serve papers.

5      That on April 8, 2022, she served a copy of:

6  **NOTICE OF THE UNITED STATES UNDER 42 U.S.C. § 233(*l*)(1)**

7  by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s)

8  and address(es) stated below, which is/are the last known address(es), and by depositing said envelope

9  and its contents in the United States Mail at Fresno, California.

10  Addressee(s):

11  **Plaintiffs' Counsel:**
Kevin G. Little
12  Michelle L. Tostenrude
LAW OFFICE OF KEVIN G. LITTLE
13  Post Office Box 8656
Fresno, California  93747
14

15

16

17  _____
     Marcela Vasquez

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF THE UNITED STATES
UNDER 42 U.S.C. § 233(l)(1)                                    3

CIV-100

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**   STATE BAR NO: 149818<br>NAME: Kevin G. Little<br>FIRM NAME: LAW OFFICE OF KEVIN G. LITTLE<br>STREET ADDRESS: Post Office Box 8656<br>CITY: Fresno          STATE: CA    ZIP CODE: 93747<br>TELEPHONE NO.: (559) 342-5800    FAX NO.: (559) 242-2400<br>E-MAIL ADDRESS: kevin@kevinglittle.com<br>ATTORNEY FOR (name): Plaintiff Gardenia Zuniga | ***FOR COURT USE ONLY*** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** FRESNO
STREET ADDRESS: 1130 "O" Street
MAILING ADDRESS: 1130 "O" Street
CITY AND ZIP CODE:  Fresno, CA 93724
BRANCH NAME:  B.F. Sisk Courthouse - Civil Unlimited

E-FILED
4/26/2022 3:46 PM
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

Plaintiff/Petitioner:  Gardenia Zuniga
Defendant/Respondent:  Ian Douglas Macagy, M.D., et. al.

| | |
|---|---|
| **REQUEST FOR**   [x] **Entry of Default**    [ ] **Clerk's Judgment**<br>**(Application)**    [ ] **Court Judgment** | CASE NUMBER:<br>22CECG00515 |

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)** *(see CIV-105)*

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* 02/17/2022
   b. by *(name):* Plaintiff Gardenia Zuniga
   c. [x] Enter default of defendant *(names):*
      Ian Douglas Macagy, M.D.

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date):*

2. **Judgment to be entered.**              Amount       Credits acknowledged       Balance
   a. Demand of complaint . . . . . . . . . . . . .  $                $                $
   b. Statement of damages*
      (1) Special . . . . . . . . . . . . . . . . . . . .  $                $                $
      (2) General . . . . . . . . . . . . . . . . . . . .  $                $                $
   c. Interest . . . . . . . . . . . . . . . . . . . . . . . $                $                $
   d. Costs *(see reverse)* . . . . . . . . . . . . . $                $                $
   e. Attorney fees . . . . . . . . . . . . . . . . . $                $                $
   f. **TOTALS** . . . . . . . . . . . . . . . . . . . $                $                $
   g. **Daily damages** were demanded in complaint at the rate of: $          per day beginning *(date):*
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. [ ] *(Check if filed in an unlawful detainer case.)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

Date: 04/26/2022

Kevin G. Little                          ▶         *K.D. Little*
(TYPE OR PRINT NAME)                                (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| | |
|---|---|
| ***FOR COURT***<br>***USE ONLY*** | (1) [x] Default entered as requested on *(date):* 4/26/2022<br>(2) [ ] Default NOT entered as requested *(state reason):*<br>        Clerk, by /s/ I. Herrera                    , Deputy |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California CIV-100
[Rev. January 1, 2020]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure, §§ 585–587, 1169
*www.courts.ca.gov*

CIV-100

| | CASE NUMBER: |
|---|---|
| Plaintiff/Petitioner: Gardenia Zuniga<br>Defendant/Respondent: Ian Douglas Macagy, M.D., et. al. | 22CECG00515 |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☒ did **not** or compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

   a. Assistant's name:                                 c. Telephone no.:

   b. Street address, city, and zip code:              d. County of registration:

                                                e. Registration no.:

                                              f. Expires on *(date):*

5. ☒ **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a)).* This action

   a. ☐ is ☒ is not  on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

   b. ☐ is ☒ is not  on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

   c. ☐ is ☒ is not  on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

   a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*

   b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

      (1)  Mailed on *(date):* 04/26/2022         (2)  To *(specify names and addresses shown on the envelopes):*
                                                              Ian Douglas Macagy, M.D
                                                              2760 S. Elm Avenue
                                                              Fresno, CA 93706-5435

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: 04/26/2022

Kevin G. Little

_____ ► _____
(TYPE OR PRINT NAME)                                       (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . $
   b. Process server's fees . . . . . . . . . . . . . . . . $
   c. Other *(specify):*                      $
   d.                                        $
   e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____ ► _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF DECLARANT)

8. **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3911(2), or California Military and Veterans Code sections 400 and 402(f).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____ ► _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF DECLARANT)

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

# SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO
## Civil Department

Entered by:

TITLE OF CASE:

**Gardenia Zuniga vs. Ian Macagy, Medical Doctor**

**CASE MANAGEMENT CONFERENCE MINUTES/ORDER TO SHOW CAUSE**

Case Number:
**22CECG00515**

Hearing Date:
**Wednesday, June 15, 2022**

Department:
**Department 402**

Court Clerk: <u>**Daves, Kimberly**</u>

Judge/Temp. Judge: Negin, Stephanie

Reporter/Tape/None: **Not Reported**

**Appearing Parties:**

Plaintiff: _____ []Appearing

Defendant: _____ []Appearing

**Counsel: SPA Jocelyn Stevens, certified law student**
**[X]Appearing**

Counsel: _____ []Appearing

**[X]Continued to 8/18/22 at 3:30 p.m. in Department 402 for:**

**[X]Service on all defendants.**                []Notice of Settlement to be filed.

[]Plaintiff/Cross-complainant states he/she will dismiss _____ forthwith.

[]Answer to be filed.            []Other:_____

**[X]Default/Judgment to be filed.**

[]Personal Injury case. *Limited Civil only.*        []Designated as Uninsured Motorist case.

[]Parties present stipulate that case will take  []12-18  []18-24  months to dispose of.

[]Jury Trial requested by  []Plaintiff  []Defendant.

[]Court Trial: appearing parties waive their rights to a jury trial.  *Non-appearing parties are deemed to have waived their rights to a jury trial and to have consented to the date set for trial.*

   []Court Reporter fees must be paid to the clerk's office prior to commencement of trial.

[]Estimated time for trial is _____ days.

[]Trial is set for   at 9:00a.m. in Department 503

[]Trial Readiness is set for   at 9:30a.m. in Department 503

[]Mandatory Settlement Conference is set for _____ at _____ a.m./p.m in Room 575.

   []The Settlement Conference Statement is due 10 days prior to the Settlement Conference.

[]Service of written notice of the orders made herein is waived by:

   []All parties        [] _____

   []The court orders all parties to engage in some form of Alternative Dispute Resolution, such as mediation. This Alternative Dispute Resolution must be completed by _____ (within 180 days after the Case Management Conference, or prior to the Mandatory Settlement Conference, whichever is earlier).  Failure to do so may result in the court imposing sanctions, unless excused by the court upon a timely showing of good cause by written declaration.

If you have any questions you may contact the ADR Department at 457-1909.  A list of the mediators and stipulation forms are available on the Court's website:
http://www.fresno.courts.ca.gov/alternative_dispute_resolution/

| TITLE OF CASE: | CASE NUMBER: |
|---|---|
| **Gardenia Zuniga vs. Ian Macagy, Medical Doctor** | **22CECG00515** |

**Order to Show Cause**

TO: _____
_____
_____

You are hereby ordered to appear in person on   at 3:30 p.m.  In Department 402
of the above court located at 1130 'O' Street, Fresno, California, to show cause why you should not be
sanctioned for:
[]failure to appear at the Case Management Conference by  []Plaintiff []Defendant []Both
[]failure to serve all defendant(s) within 60 days. Plaintiff is required to diligently attempt service of all
   defendant(s). Failure to serve all defendant(s) by the order to show cause hearing date will result in
   additional sanctions unless diligent effort to serve all defendants is shown.

[]failure to request entry of default/judgment.


If defendant(s) answer and the case is at issue prior to the Order to Show Cause Hearing, plaintiff must
immediately contact the clerk's office at (559) 457-1900 to reschedule the Case Management Conference
and vacate the Order to Show Cause Hearing.

[]failure to file an ADR Stipulation at least 10 days prior to the Case Management Conference.

[]failure to file an ADR Report at least 10 days prior to the Mandatory Settlement Conference.

[]failure to serve all defendants with the Notice of Case Management Conference.

[]Other:_____
_____
_____



Date: _____        _____
                                                      Judge of the Superior Court

---

**Your personal appearance is required at the Order to Show Cause Hearing.
Special appearances on your behalf are not allowed.  Telephonic appearances are not allowed.**

---

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
|---|---|
| TITLE OF CASE:<br><br>  Gardenia Zuniga vs. Ian Macagy, Medical Doctor | |
| **CLERK'S CERTIFICATE OF MAILING** | CASE NUMBER:<br>  **22CECG00515** |

I certify that I am not a party to this cause and that a true copy of the:

### Case Management Conference Minutes/Order

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.  I am readily familiar with this court's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.


Place of mailing:  **Fresno, California  93724-0002**

On Date:  **06/16/2022**                    Clerk, by _____, Deputy

                                                                          K. Daves

Kevin G. Little
Law Office of Kevin G. Little
P.O. Box 8656
Fresno, CA 93747


☐   Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO**<br>**Civil Department** | Entered by: |

TITLE OF CASE:

**Gardenia Zuniga vs. Ian Macagy, Medical Doctor**

| | |
|---|---|
| **CASE MANAGEMENT CONFERENCE MINUTES/ORDER TO SHOW CAUSE** | Case Number:<br>**22CECG00515** |

**Court Clerk: K. Daves**

| Hearing Date: |
|---|
| **Thursday, August 18, 2022** |

**Judge/Temp. Judge: Negin, Stephanie**

| Department: |
|---|
| **Department 402** |

**Reporter/Tape/None: Not Reported**

**Appearing Parties:**

| | | |
|---|---|---|
| Plaintiff: _____ []Appearing | **Counsel: Kevin Little via cc   [X]Appearing** |
| Defendant: _____ []Appearing | **Counsel: Amanda Lucas via cc   [X]Appearing** |

**[X]Continued to 11/15/22 at 3:30p.m. in Department 402 for:**

[]Service on all defendants.                              []Notice of Settlement to be filed.

[]Plaintiff/Cross-complainant states he/she will dismiss _____ forthwith.

[]Answer to be filed.              **[X]Other: Possible stipulation to set aside default will be filed.**

[]Default/Judgment to be filed.

[]Personal Injury case. *Limited Civil only.*              []Designated as Uninsured Motorist case.

[]Parties present stipulate that case will take  []12-18  []18-24  months to dispose of.

[]Jury Trial requested by  []Plaintiff  []Defendant.

[]Court Trial: appearing parties waive their rights to a jury trial.  *Non-appearing parties are deemed to have waived their rights to a jury trial and to have consented to the date set for trial.*

   []Court Reporter fees must be paid to the clerk's office prior to commencement of trial.

[]Estimated time for trial is _____ days.

[]Trial is set for   at 9:00a.m. in Department 503

[]Trial Readiness is set for   at 9:30a.m. in Department 503

[]Mandatory Settlement Conference is set for _____ at _____ a.m./p.m in Room 575.

   []The Settlement Conference Statement is due 10 days prior to the Settlement Conference.

[]Service of written notice of the orders made herein is waived by:

   []All parties        [] _____

   []The court orders all parties to engage in some form of Alternative Dispute Resolution, such as mediation. This Alternative Dispute Resolution must be completed by _____ (within 180 days after the Case Management Conference, or prior to the Mandatory Settlement Conference, whichever is earlier). Failure to do so may result in the court imposing sanctions, unless excused by the court upon a timely showing of good cause by written declaration.

If you have any questions you may contact the ADR Department at 457-1909. A list of the mediators and stipulation forms are available on the Court's website:
http://www.fresno.courts.ca.gov/alternative_dispute_resolution/

---

| TITLE OF CASE: | CASE NUMBER: |
|---|---|
| **Gardenia Zuniga vs. Ian Macagy, Medical Doctor** | **22CECG00515** |

### Order to Show Cause

TO: _____

_____

_____

You are hereby ordered to appear in person on   at 3:30p.m.  In Department 402
of the above court located at 1130 'O' Street,  Fresno,  California, to show cause why you should not be sanctioned for:

[]failure to appear at the Case Management Conference by  []Plaintiff  []Defendant  []Both

[]failure to serve all defendant(s) within 60 days. Plaintiff is required to diligently attempt service of all defendant(s). Failure to serve all defendant(s) by the order to show cause hearing date will result in additional sanctions unless diligent effort to serve all defendants is shown.

[]failure to request entry of default/judgment.

If defendant(s) answer and the case is at issue prior to the Order to Show Cause Hearing, plaintiff must immediately contact the clerk's office at (559) 457-1900 to reschedule the Case Management Conference and vacate the Order to Show Cause Hearing.

[]failure to file an ADR Stipulation at least 10 days prior to the Case Management Conference.

[]failure to file an ADR Report at least 10 days prior to the Mandatory Settlement Conference.

[]failure to serve all defendants with the Notice of Case Management Conference.

[]other _____

_____

_____

Date: _____     _____

Judge of the Superior Court

---

**Your personal appearance is required at the Order to Show Cause Hearing.
Special appearances on your behalf are not allowed.  Telephonic appearances are not allowed.**

---

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
|---|---|
| TITLE OF CASE:<br>  Gardenia Zuniga vs. Ian Macagy, Medical Doctor | |
| **CLERK'S CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CECG00515 |

I certify that I am not a party to this cause and that a true copy of the:

**Case Management Conference Minutes/Order**

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice. I am readily familiar with this court's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  **Fresno, California 93724-0002**

On Date:  **08/19/2022**          Clerk, by _____, Deputy

                                             K. Daves

Kevin G. Little
Law Office of Kevin G. Little
P.O. Box 8656
Fresno, CA 93747

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06                    **CLERK'S CERTIFICATE OF MAILING**

1   Amanda M. Lucas, Esq., SBN 248219
          LAW OFFICES OF
2       LeBEAU • THELEN, LLP
    5001 East Commercenter Drive, Suite 300
3         Post Office Box 12092
     Bakersfield, California 93389-2092
4       (661) 325-8962; Fax (661) 325-1127

5   Attorneys for Defendant
    IAN DOUGLAS MACAGY, M.D.;

RECEIVED
8/30/2022 10:56 AM
FRESNO COUNTY SUPERIOR COURT
By: A. Ramos, Deputy

6

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                         **COUNTY OF FRESNO**

10  **GARDENIA** ZUNIGA,                    Case No.: 22CECG00515

11              Plaintiff,            **STIPULATION FOR ORDER SETTING**
                                      **ASIDE DEFAULT AND ORDER THEREON**
12      vs.

13  IAN DOUGLAS MACAGY, M.D.; and
    DOES 1-10, inclusive,
14

15              Defendants.           Case Filed: February 17, 2022
                                      Trial Date:  N/A
16

17

18      Plaintiff GARDENIA ZUNIGA and Defendant IAN DOUGLAS MACAGY, M.D., by and

19  through their respective counsel of record, stipulate as follows:

20      1.      That the default entered against Defendant IAN DOUGLAS MACAGY, M.D. on April

21  26, 2022, be and hereby is, set aside;

22      2.      That defendant IAN DOUGLAS MACAGY, M.D. shall have until September 21, 2022

23  to file a responsive pleading to the operative Complaint on file.

24      **IT IS SO STIPULATED.**

25  Dated: August 22, 2022                 LeBEAU-THELEN, LLP

26
                                           By: _____
27                                             AMANDA M. LUCAS
                                               Attorney for Defendant
28                                             IAN DOUGLAS MACAGY, M.D.

{00587412;1}                          - 1 -

STIPULATION FOR ORDER SETTING ASIDE DEFAULT AND ORDER THEREON

1   Dated: August 30, 2022                                    LAW OFFICE OF KEVIN G. LITTLE

2

3                                                              By: _____

4                                                              KEVIN G. LITTLE
                                                               Attorney for Plaintiff
5                                                              GARDENIA ZUNIGA

6          **THE ABOVE STIPULATIONS SHALL BE THE ORDER OF THE COURT.  IT IS SO**

7   **ORDERED.**

8   Dated: _____, 2022

9

10                                                            _____
                                                             Judge of the Superior Court
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00587412;1}                                    - 2 -

## PROOF OF SERVICE

1   <u>ZUNIGA V. IAN DOUGLAS MACAGY</u>
    FRESNO OUNTY SUPERIOR COURT CASE NO. 22CECG00515

2
    STATE OF CALIFORNIA, COUNTY OF KERN

3
    I am a citizen of the United States and a resident of the county aforesaid; I am over the age of
4   eighteen years and not a party to the within **action**; my business address is:   5001 E.
    Commercenter Drive, Suite 300, Bakersfield, California 93309.   On **August 30, 2022**, I served the
5   within **STIPULATION FOR ORDER SETTING ASIDE DEFAULT AND ORDER
    THEREON** on the interested parties in said action:

6
            (X) by placing ( ) the original (X) a true copy thereof enclosed as follows:
7
    Kevin G. Little, Esq.
8   Law Office of Kevin G. Little
    P. O. Box 8656
9   Fresno, CA 93747
    Telephone: (559) 342-5800
10  Fax: (559) 242-2400
    Email: kevin@kevinglittle.com
11  Email: tyler@kevinglittle.**com**
    *Attorneys for Plaintiff*

12
            ( _) (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing
13  correspondence for mailing.   Under that practice it would be deposited with the U.S. Postal
    Service on that same day with postage thereon fully prepaid at Bakersfield, California, in the
14  ordinary course of business.

15          (X) (BY ELECTRONIC DELIVERY) I caused such document to be delivered by electronic
    means prior to close of business on this same day to the addressee(s) at the electronic notification
16  addressee(s) provided above.

17          (X) (STATE) I declare under penalty of perjury under the laws of the State of California
    that the above is true and correct, and that the foregoing was executed on August 30, 2022, in
18  Bakersfield, California.

19
                                        GRACIE C. WITTHANS
20

21

22

23

24

25

26

27

28

{00589974;1}

FILED

AUG 3 1 2022

SUPERIOR COURT OF CALIFORNIA
COUNTY OF FRESNO
BY_____
                    DEPUTY

1    Amanda M. Lucas, Esq., SBN 248219
           LAW OFFICES OF
2        LeBeau • Thelen, LLP
     5001 East Commercenter Drive, Suite 300
3         Post Office Box 12092
       Bakersfield, California 93389-2092
4        (661) 325-8962; Fax (661) 325-1127

5    Attorneys for Defendant
6    IAN DOUGLAS MACAGY, M.D.;

RECEIVED
8/30/2022 10:56 AM
FRESNO COUNTY SUPERIOR COURT
By: A. Ramos, Deputy

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                         **COUNTY OF FRESNO**

10   GARDENIA ZUNIGA,              Case No.: 22CECG00515

11          Plaintiff,             **STIPULATION FOR ORDER SETTING**
12                                 **ASIDE DEFAULT AND ORDER THEREON**
            vs.
13
     IAN DOUGLAS MACAGY, M.D.; and
14   DOES 1-10, inclusive,

15          Defendants.            Case Filed: February 17, 2022
                                   Trial Date: N/A
16

17

18        Plaintiff GARDENIA ZUNIGA and Defendant IAN DOUGLAS MACAGY, M.D., by and

19   through their respective counsel of record, stipulate as follows:

20        1.    That the default entered against Defendant IAN DOUGLAS MACAGY, M.D. on April

21   26, 2022, be and hereby is, set aside;

22        2.    That defendant IAN DOUGLAS MACAGY, M.D. shall have until September 21, 2022

23   to file a responsive pleading to the operative Complaint on file.

24        **IT IS SO STIPULATED.**

25   Dated: August 22, 2022              LeBEAU-THELEN, LLP

26

27                                       By:_____
                                            AMANDA M. LUCAS
28                                          Attorney for Defendant
                                            IAN DOUGLAS MACAGY, M.D.

{00587412;1}                        - 1 -

1    Dated:  August 30, 2022                           LAW OFFICE OF KEVIN G. LITTLE

2

3                                              By:_____

4                                                  KEVIN G. LITTLE
                                                   Attorney for Plaintiff
5                                                  GARDENIA ZUNIGA

6        **THE ABOVE STIPULATIONS SHALL BE THE ORDER OF THE COURT.  IT IS SO**

7    **ORDERED.**

8    Dated: _August 31_, 2022

9

10                                             _____
                                                   Judge of the Superior Court
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00587412;1}                               - 2 -

STIPULATION FOR ORDER SETTING ASIDE DEFAULT AND ORDER THEREON

## PROOF OF SERVICE

1  | ZUNIGA V. IAN DOUGLAS MACAGY
   | FRESNO OUNTY SUPERIOR COURT CASE NO. 22CECG00515

2  | STATE OF CALIFORNIA, COUNTY OF KERN

3  

4  | I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within **action**; my business address is:    5001 E. Commercenter Drive, Suite 300, Bakersfield, California 93309.    On **August 30, 2022**, I served the

5  | within **STIPULATION FOR ORDER SETTING ASIDE DEFAULT AND ORDER THEREON** on the interested parties in said action:

6  

7  |          (X) by placing ( ) the original (X) a true copy thereof enclosed as follows:

8  | Kevin G. Little, Esq.
   | Law Office of Kevin G. Little
   | P. O. Box 8656

9  | Fresno, CA 93747
   | Telephone: (559) 342-5800

10 | Fax: (559) 242-2400
   | Email: kevin@kevinglittle.com

11 | Email: tyler@kevinglittle.**com**
   | *Attorneys for Plaintiff*

12 

13 |          ( ) (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.   Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Bakersfield, California, in the

14 | ordinary course of business.

15 |          (X) (BY ELECTRONIC DELIVERY) I caused such document to be delivered by electronic means prior to close of business on this same day to the addressee(s) at the electronic notification

16 | addressee(s) provided above.

17 |          (X) (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that the foregoing was executed on August 30, 2022, in

18 | Bakersfield, California.

19 

20 | GRACIE C. WITTHANS

21 

22 

23 

24 

25 

26 

27 

28 

{00589974;1}

Amanda M. Lucas, Esq., SBN 248219
LAW OFFICES OF
LeBeau • Thelen, LLP
5001 East Commercenter Drive, Suite 300
Post Office Box 12092
Bakersfield, California 93389-2092
(661) 325-8962; Fax (661) 325-1127

E-FILED
9/21/2022 4:49 PM
Superior Court of California
County of Fresno
By: A. Ramos, Deputy

Attorneys for Defendant
IAN DOUGLAS MACAGY, M.D.

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF FRESNO**

| | |
|---|---|
| GARENIA ZUNIGA,<br><br>   Plaintiff,<br><br>vs.<br><br>IAN DOUGLAS MACAGY, M.D.; and<br>DOES 1-10, inclusive,<br><br>   Defendant. | Case No.: 22CECG00515<br><br>**ANSWER TO COMPLAINT BY DEFENDANT**<br>**IAN DOUGLAS MACAGY, M.D.**<br><br><br><br><br><br>Case Filed:  February 17, 2022<br>Trial Date:  Unassigned |

COMES NOW the Defendant IAN DOUGLAS MACAGY, M.D. (hereafter "Defendant") and

files the following Answer to Plaintiff's Complaint as follows:

**I.**

It appearing herein that the complaint on file is unverified, Defendant hereby files his general

denial pursuant to the Code of Civil Procedure Section 431.30(d).

**II**

Defendant herein denies generally and specifically, each and every allegation of said

complaint, both conjunctively and disjunctively and the whole thereof, and denies further that

Plaintiff has been damaged in the amount claimed or in any other sum whatsoever or at all.

{00596154;1}

- 1 -

ANSWER TO COMPLAINT BY DEFENDANT IAN DOUGLAS MACAGY, M.D.

1    **AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant

2    alleges that the Complaint, and each cause of action and/or theory of liability alleged therein against

3    Defendant, fails to state facts sufficient to constitute a cause of action or set forth a claim upon which

4    relief may be granted against Defendant.

5    **AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant

6    alleges that the Complaint, and each cause of action and/or theory of liability alleged therein against

7    Defendant, fails to state facts sufficient to state a claim for punitive or exemplary damages.

8    **AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant

9    alleges that the Complaint, and each cause of action and/or theory of liability alleged therein against

10   Defendant, fails to state a claim for general, special and/or consequential damages, past and/or future

11   medical expenses and loss of earnings, and/or interest.

12   **AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant

13   alleges that as to the Complaint, and each cause of action and/or theory of liability alleged therein

14   against Defendant, Plaintiff failed to take reasonable affirmative action to mitigate the damages

15   alleged in the Complaint and, therefore, Plaintiff is barred from any recovery against Defendant to the

16   extent Plaintiff failed to mitigate her damages.

17   **AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE**, to the degree

18   Plaintiff's alleged damages were caused by negligence, Defendant alleges that Plaintiff failed to

19   exercise reasonable and ordinary care, caution or prudence and that Plaintiff's alleged injuries and

20   damages, if any, were proximately caused and/or contributed to by Plaintiff's own negligence and/or

21   intentional conduct

22   **AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE**, to the degree

23   Plaintiff's alleged damages were caused by negligence, Defendant alleges that the Complaint, and

24   each cause of action and/or theory of liability alleged therein against Defendant, is barred by the

25   doctrine of consent and/or Plaintiff's voluntary and/or active participation in, and prior knowledge of

26   the circumstances of, the conduct which Plaintiff now alleges constitutes her Complaint against

27   Defendant.

28   ///

{00596154;1}

1    **AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant

2    alleges that the Complaint, and each cause of action and/or theory of liability alleged therein against

3    Defendant, is barred in that Defendant acted in good faith and did not directly or indirectly perform

4    any acts or fail to perform any acts whatsoever which would constitute a violation of duty or breach

5    of duty, if any, owed to Plaintiff by Defendant, sounding in statute, contract or tort.

6    **AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE**, to the

7    degree Plaintiff's alleged damages were caused by negligence, Defendant alleges that each purported

8    cause of action alleged in Plaintiff's Complaint, if they exist at all, resulted from a cause or causes not

9    proximately related to any act or omission by Defendant.

10    **AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant

11    alleges that his conduct, if any, was not done with oppression, fraud, or malice, or with conscious

12    disregard for Plaintiff's rights and safety.

13    **AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant

14    alleges that they did not have intent to engage in the alleged conduct.

15    **AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE**,

16    Defendant alleges that Plaintiff's claims are barred in whole or in part by any and all applicable

17    statutes of limitations, including, but not limited to, Code of Civil Procedure Sections 335.1, 338,

18    340.16, 340.5, and 343, and a separate trial is requested on the same pursuant to Code of Civil

19    Procedure Section 597.5.

20    **AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE**, Defendant

21    alleges that the liability of Defendant, if any, for Plaintiff's non-economic damages, if any, is limited

22    by Civil Code Section 1431.2 to Defendant's proportionate share of fault, as found by the trier of fact,

23    in comparison to the fault of other persons or entities in this action.

24    **AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**,

25    Defendant alleges that Plaintiff's request for punitive damages is in violation of Code of Civil

26    Procedure Section 425.13 as there is no court order permitting a claim for punitive damages to be

27    filed against Defendant.

28    ///

1    **AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,**

2    Defendant alleges that in the event Defendant is found to be negligent, which supposition is denied

3    and merely stated for the purpose of this affirmative defense, Defendant may elect to introduce the

4    amounts paid or payable, if any, as a benefit to the Plaintiff pursuant to Civil Code Section 3333.1.

5    **AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,**

6    Defendant alleges that in the event Defendant is found to be negligent, which supposition is denied

7    and merely stated for the purpose of this affirmative defense, the damages for noneconomic losses

8    shall not exceed the amount specified in Civil Code Section 3333.2.

9    **AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,**

10   Defendant alleges that in the event Defendant is found to be negligent, which supposition is denied

11   and merely stated for the purpose of this affirmative defense, Defendant may elect to have future

12   damages, if any, paid as specified in Code of Civil Procedure Section 667.7.

13   **AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, to

14   the extent lack of informed consent is raised as a theory of liability, all affirmative defenses regarding

15   informed consent are hereby raised, including but not limited to those found in the Judicial Council of

16   California Civil Jury Instructions (CACI) Nos. 550, 551, 552, 553, and 554.

17   **WHEREFORE**, Defendant prays that Plaintiff take nothing by way of her complaint and

18   Defendant goes hence with his costs of suit incurred.

19   Dated:  September 21, 2022                    LeBEAU-THELEN, LLP

20

21

22   By:_____

23        AMANDA M. LUCAS
          Attorney for Defendant

24        IAN DOUGLAS MACAGY, M.D.

25

26

27

28

**PROOF OF SERVICE**

1    <u>ZUNIGA V. IAN DOUGLAS MACAGY</u>
     FRESNO COUNTY SUPERIOR COURT CASE NO. 22CECG00515
2
3    STATE OF CALIFORNIA, COUNTY OF KERN

4    I am a citizen of the United States and a resident of the county aforesaid; I am over the age of
     eighteen years and not a party to the within action; my business address is:    5001 E.
     Commercenter Drive, Suite 300, Bakersfield, California 93309.    On **September 21, 2022**, I served
5    the within **ANSWER TO COMPLAINT BY DEFENDANT IAN DOUGLAS MACAGY, M.D.**
     on the interested parties in said action:
6
7            (X) by placing ( ) the original (X) a true copy thereof enclosed as follows:

8    Kevin G. Little, Esq.
     Law Office of Kevin G. Little
9    P. O. Box 8656
     Fresno, CA 93747
10   Telephone: (559) 342-5800
     Fax: (559) 242-2400
11   Email: kevin@kevinglittle.com
     Email: tyler@kevinglittle.com
12   Email: SERVICE@KEVINGLITTLE.COM
     *Attorneys for Plaintiff*

13           **(X) (BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing
     correspondence for mailing.   Under that practice it would be deposited with the U.S. Postal
14   Service on that same day with postage thereon fully prepaid at Bakersfield, California, in the
     ordinary course of business.
15
16           **(X) (BY ELECTRONIC DELIVERY)** I caused such document to be delivered by
     electronic means prior to close of business on this same day to the addressee(s) at the electronic
17   notification addressee(s) provided above.

18           **(X) (STATE)** I declare under penalty of perjury under the laws of the State of California
     that the above is true and correct, and that the foregoing was executed on September 21, 2022, in
19   Bakersfield, California.

20

21                                                          GRACIE C. WITTHANS

22

23

24

25

26

27

28

(00589974;1)

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Dennis R. Thelen, Esq., (SBN83999)/Amanda M. Lucas, Esq., (SBN 248219)
LeBeau-Thelen, LLP
5001 E. Comercenter Drive, Suite 300
Bakersfield, CA 93309

TELEPHONE NO.: (661) 325-8962          FAX NO. *(Optional):* (661) 325-1127
E-MAIL ADDRESS:
ATTORNEY FOR *(Name):* Defendant Ian Douglas MacAgy, M.D.

FOR COURT USE ONLY

E-FILED
11/1/2022 10:56 AM
Superior Court of California
County of Fresno
By: L Whipple, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno 93721
BRANCH NAME:

PLAINTIFF/PETITIONER: GARENIA ZUNIGA
DEFENDANT/RESPONDENT: IAN DOUGLAS MACAGY, M.D.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* [X] UNLIMITED CASE (Amount demanded exceeds $25,000)    [ ] LIMITED CASE (Amount demanded is $25,000 or less) | 22CECG00515 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: November 14, 2022    Time: 3:30 p.m.    Dept.: D-402    Div.:    Room:

Address of court *(if different from the address above):*

[X] Notice of Intent to Appear by Telephone, by *(name):* Amanda Lucas

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Ian Douglas MacAgy, M.D.
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint    [ ] cross-complaint    *(Describe, including causes of action):*
      Medical Negligence, Battery, Sexual Harassment.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
*www courts ca gov*

*LexisNexis® Automated California Judicial Council Forms*

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: GARENIA ZUNIGA | CASE NUMBER: |
| DEFENDANT/RESPONDENT: IAN DOUGLAS MACAGY, M.D. | 22CECG00515 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges she suffered injuries and damages in connection with a Nexplanon implant procedure performed by Dr. MacAgy.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* This case should be placed on minimum 18-month track because the medical negligence theories advanced involve complex issues of fact and law.

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

Defense counsel's calendar is impacted with jury trials, multi-day arbitrations and vacations through February 2024.

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 5-7 days

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:                                   f.   Fax number:

e. E-mail address:                                        g.   Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Amount in controversy exceeds statutory limit.

CM-110 [Rev. September 1, 2021]                    **CASE MANAGEMENT STATEMENT**                    **Page 2 of 5**

*LexisNexis® Automated California Judicial Council Forms*

CM-110

| PLAINTIFF/PETITIONER: GARENIA ZUNIGA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: IAN DOUGLAS MACAGY, M.D. | 22CECG00515 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

*LexisNexis® Automated California Judicial Council Forms*

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: GARENIA ZUNIGA<br>DEFENDANT/RESPONDENT: IAN DOUGLAS MACAGY, M.D. | CASE NUMBER:<br>22CECG00515 |

**11. Insurance**

a. ☒ Insurance carrier, if any, for party filing this statement *(name):* Beazley Insurance Services

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Potential Motion for Summary Judgment/Adjudication; Motions in Limine prior to trial.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant Ian Douglas MacAgy, M.D. | Written discovery | Per Code |
| Defendant Ian Douglas MacAgy, M.D. | Depositions | Per Code |
| Defendant Ian Douglas MacAgy, M.D. | Follow-up discovery | Per Code |
| Defendant Ian Douglas MacAgy, M.D. | Expert discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

*LexisNexis® Automated California Judicial Council Forms*

CM-110

| PLAINTIFF/PETITIONER: GARENIA ZUNIGA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: IAN DOUGLAS MACAGY, M.D. | 22CECG00515 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

Dr. MacAgy was provding care to plaintiff in connection with his affliation with Clinica Sierra Vista, a federally funded community health center.  He is required to tender the claims to the Department of Health and Human Services (DHHS). The US Attorney assigned to the case advises the claim is still under review for FTCA eligibility.  If the tender is accepted, the case will be removed to Federal Court.

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**20. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  October 31, 2022

| Amanda M. Lucas | ► *(signature)* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ► |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

*LexisNexis® Automated California Judicial Council Forms*

**PROOF OF SERVICE**

1    ZUNIGA V. IAN DOUGLAS MACAGY
     FRESNO COUNTY SUPERIOR COURT CASE NO. 22CECG00515
2
     STATE OF CALIFORNIA, COUNTY OF KERN
3
     I am a citizen of the United States and a resident of the county aforesaid; I am over the age of
4    eighteen years and not a party to the within action; my business address is:    5001 E.
     Commercenter Drive, Suite 300, Bakersfield, California 93309.    On **October 31, 2022**, I served
5    the within **CASE MANAGEMENT STATEMENT** on the interested parties in said action:

6            (X) by placing ( ) the original (X) a true copy thereof enclosed as follows:

7    Kevin G. Little, Esq.
     Law Office of Kevin G. Little
8    P. O. Box 8656
     Fresno, CA 93747
9    Telephone: (559) 342-5800
     Fax: (559) 242-2400
10   Email: kevin@kevinglittle.com
     Email: tyler@kevinglittle.com
11   Email: SERVICE@KEVINGLITTLE.COM
     *Attorneys for Plaintiff*
12
             **(X) (BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing
13   correspondence for mailing.    Under that practice it would be deposited with the U.S. Postal
     Service on that same day with postage thereon fully prepaid at Bakersfield, California, in the
14   ordinary course of business.

15           **(X) (BY ELECTRONIC DELIVERY)** I caused such document to be delivered by
     electronic means prior to close of business on this same day to the addressee(s) at the electronic
16   notification addressee(s) provided above.

17           **(X) (STATE)** I declare under penalty of perjury under the laws of the State of California
     that the above is true and correct, and that the foregoing was executed on October 31, 2022, in
18   Bakersfield, California.

19

20                                                            GRACIE C. WITTHANS

21

22

23

24

25

26

27

28

{00589974;1}

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
Kevin G. Little,   SBN: 149818
LAW OFFICE OF KEVIN G. LITTLE
Post Office Box 8656, Fresno, CA 93747
kevin@kevinglittle.com
TELEPHONE NO: 559-342-5800          FAX NO: 559-242-2400
ATTORNEY FOR *(Name):* Plaintiff Gardenia Zuniga

FOR COURT USE ONLY

E-FILED
10/31/2022 3:04 PM
Superior Court of California
County of Fresno
By: Marta Sanchez, Deputy

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

PLAINTIFF/PETITIONER: GARDENIA ZUNIGA

DEFENDANT/RESPONDENT: IAN MACAGY, M.D., et. al.

**STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)**

CASE NUMBER:
22CECG00515

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

[X] Mediation    [ ] Arbitration    [ ] Neutral Case Evaluation    [ ] Other _____

The parties further stipulate that _____ Laurie Saldana _____ has been selected as the mediator/arbitrator/neutral.

Address:     Mediation Central, 791 Price Street No. 323

City, State, Zip   Pismo Beach, CA 93449

Phone Number:   (559) 730-1812

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR). The Alternative Dispute Resolution (ADR) must be completed within **180 days** after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior** to the Mandatory Settlement Conference. Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

| 10/31/2022 | Kevin G. Little, Esq. | |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| 10/31/2022 | Amanda Lucas, Esq. | |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| | | |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| | | |
| Date | Type or Print Name | Signature of Party or Attorney for Party |

[ ] Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

TADR-01  R11-11 mandatory        STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)

CM-110

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Dennis R. Thelen, Esq., (SBN83999)/Amanda M. Lucas, Esq., (SBN 248219)<br>LeBeau-Thelen, LLP<br>5001 E. Comercenter Drive, Suite 300<br>Bakersfield, CA 93309<br>TELEPHONE NO.: (661) 325-8962     FAX NO. *(Optional):* (661) 325-1127<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* Defendant Ian Douglas MacAgy, M.D. | **FOR COURT USE ONLY**<br><br>E-FILED<br>11/1/2022 10:56 AM<br>Superior Court of California<br>County of Fresno<br>By: L Whipple, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno 93721
BRANCH NAME:

PLAINTIFF/PETITIONER: GARENIA ZUNIGA
DEFENDANT/RESPONDENT: IAN DOUGLAS MACAGY, M.D.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* [X] **UNLIMITED CASE** (Amount demanded exceeds $25,000)     [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | 22CECG00515 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: November 14, 2022     Time: 3:30 p.m.     Dept.: D-402     Div.:     Room:
Address of court *(if different from the address above):*

[X] Notice of Intent to Appear by Telephone, by *(name):* Amanda Lucas

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Ian Douglas MacAgy, M.D.
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint     [ ] cross-complaint     *(Describe, including causes of action):*
      Medical Negligence, Battery, Sexual Harassment.

Page 1 of 5

| PLAINTIFF/PETITIONER: GARENIA ZUNIGA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: IAN DOUGLAS MACAGY, M.D. | 22CECG00515 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

    Plaintiff alleges she suffered injuries and damages in connection with a Nexplanon implant procedure performed by Dr. MacAgy.

    ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

**5. Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

**6. Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* This case should be placed on minimum 18-month track because the medical negligence theories advanced involve complex issues of fact and law.

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

    Defense counsel's calendar is impacted with jury trials, multi-day arbitrations and vacations through February 2024.

**7. Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 5-7 days

b. ☐ hours (short causes) *(specify):*

**8. Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:           f. Fax number:

e. E-mail address:           g. Party represented:

    ☐ Additional representation is described in Attachment 8.

**9. Preference**

    ☐ This case is entitled to preference *(specify code section):*

**10. Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):* Amount in controversy exceeds statutory limit.

*LexisNexis® Automated California Judicial Council Forms*

CM-110

| PLAINTIFF/PETITIONER: GARENIA ZUNIGA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: IAN DOUGLAS MACAGY, M.D. | 22CECG00515 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

*LexisNexis® Automated California Judicial Council Forms*

CM-110

| PLAINTIFF/PETITIONER: GARENIA ZUNIGA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: IAN DOUGLAS MACAGY, M.D. | 22CECG00515 |

**11. Insurance**

a. [X] Insurance carrier, if any, for party filing this statement *(name):* Beazley Insurance Services

b. Reservation of rights: [ ] Yes [ ] No

c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[ ] Bankruptcy [ ] Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. [ ] There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

[ ] Additional cases are described in Attachment 13a.

b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party):*

**14. Bifurcation**

[ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

[X] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Potential Motion for Summary Judgment/Adjudication; Motions in Limine prior to trial.

**16. Discovery**

a. [ ] The party or parties have completed all discovery.

b. [X] The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant Ian Douglas MacAgy, M.D. | Written discovery | Per Code |
| Defendant Ian Douglas MacAgy, M.D. | Depositions | Per Code |
| Defendant Ian Douglas MacAgy, M.D. | Follow-up discovery | Per Code |
| Defendant Ian Douglas MacAgy, M.D. | Expert discovery | Per Code |

c. [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

*LexisNexis® Automated California Judicial Council Forms*

**CM-110**

| PLAINTIFF/PETITIONER: GARENIA ZUNIGA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: IAN DOUGLAS MACAGY, M.D. | 22CECG00515 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

Dr. MacAgy was provding care to plaintiff in connection with his affliation with Clinica Sierra Vista, a federally funded community health center. He is required to tender the claims to the Department of Health and Human Services (DHHS). The US Attorney assigned to the case advises the claim is still under review for FTCA eligibility. If the tender is accepted, the case will be removed to Federal Court.

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 31, 2022

| Amanda M. Lucas | ▶ *(signature)* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

*LexisNexis® Automated California Judicial Council Forms*

**PROOF OF SERVICE**

1  ZUNIGA V. IAN DOUGLAS MACAGY
   FRESNO COUNTY SUPERIOR COURT CASE NO. 22CECG00515

2
   STATE OF CALIFORNIA, COUNTY OF KERN

3
   I am a citizen of the United States and a resident of the county aforesaid; I am over the age of

4  eighteen years and not a party to the within action; my business address is:    5001 E.
   Commercenter Drive, Suite 300, Bakersfield, California 93309.    On **October 31, 2022**, I served

5  the within **CASE MANAGEMENT STATEMENT** on the interested parties in said action:

6          (X) by placing ( ) the original (X) a true copy thereof enclosed as follows:

7  Kevin G. Little, Esq.
   Law Office of Kevin G. Little

8  P. O. Box 8656
   Fresno, CA 93747

9  Telephone: (559) 342-5800
   Fax: (559) 242-2400

10 Email: kevin@kevinglittle.com
   Email: tyler@kevinglittle.com

11 Email: SERVICE@KEVINGLITTLE.COM
   *Attorneys for Plaintiff*

12
           **(X) (BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing

13 correspondence for mailing.   Under that practice it would be deposited with the U.S. Postal
   Service on that same day with postage thereon fully prepaid at Bakersfield, California, in the

14 ordinary course of business.

15         **(X) (BY ELECTRONIC DELIVERY)** I caused such document to be delivered by
   electronic means prior to close of business on this same day to the addressee(s) at the electronic

16 notification addressee(s) provided above.

17         **(X) (STATE)** I declare under penalty of perjury under the laws of the State of California
   that the above is true and correct, and that the foregoing was executed on October 31, 2022, in

18 Bakersfield, California.

19

20                                                    GRACIE C. WITTHANS

21

22

23

24

25

26

27

28

{00589974;1}

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE BY U.S. MAIL

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers:

That on November 23, 2022, she served a copy of:

**NOTICE AND PETITION REMOVING CIVIL ACTION FROM STATE COURT**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and its contents in the United States Mail at Fresno, California.

**Plaintiffs' Counsel:**
Kevin G. Little
Michelle L. Tostenrude
LAW OFFICE OF KEVIN G. LITTLE
Post Office Box 8656
Fresno, California  93747

_/s/ Marcela Vasquez_
Marcela Vasquez